UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RICHARD KEITH JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:15-cv-01036-TWP-DKL |
| ) | |
| DR. KIANI M.D., ) | |
| KELLY COUNCELLER H.C.A., ) | |
| ) | |
| Defendants. ) | |

**Entry Granting Motion for Summary Judgment
and Directing Entry of Final Judgment**

This matter is before the Court on the Defendants Motion for Summary Judgment for Failure to Exhaust Administrative Remedies. (Dkt. No. 22). Plaintiff Richard Keith Johnson ("Mr. Johnson"), an Indiana prisoner, filed this action on July 1, 2015, while he was incarcerated at the Pendleton Correctional Facility ("Pendleton"). Mr. Johnson alleges that on June 10, 2015 (twenty days before he filed his lawsuit), he was seen by Dr. Kiani for a back injury and he requested specific medical care, but that specific treatment was denied. Mr. Johnson also alleges that Kelly Counceller, the Health Services Administrator ("HSA") at Pendleton, was deliberately indifferent by refusing to intervene and prevent Dr. Kiani's purported gross negligence. The defendants now seek summary judgment arguing that Mr. Johnson failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), before filing this lawsuit.

**Summary Judgment Standard**

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ.

P. 56(a). The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying" designated evidence which "demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the moving party has met its burden, the non-movant may not rest upon mere allegations. Instead, "[t]o successfully oppose a motion for summary judgment, the nonmoving party must come forward with specific facts demonstrating that there is a genuine issue for trial." *Trask–Morton v. Motel 6 Operating L.P.*, 534 F.3d 672, 677 (7th Cir. 2008). "The non-movant will successfully oppose summary judgment only when it presents definite, competent evidence to rebut the motion." *Vukadinovich v. Bd. of Sch. Trs.,* 278 F.3d 693, 699 (7th Cir. 2002) (internal quotation and citation omitted).

## Discussion

A. *Undisputed Facts*

Since June 10, 2015, the date that his claims arose, Mr. Johnson has been incarcerated at Pendleton. As an inmate incarcerated within the Indiana Department of Correction, Mr. Johnson had access to the Offender Grievance Process. The purpose of the Offender Grievance Process is to provide administrative means by which inmates may resolve concerns and complaints related to their conditions of confinement.

The Offender Grievance Process consists of three stages. First, an offender must attempt to resolve the grievance informally through officials at the facility by contacting staff to discuss the matter or incident that is the subject of the grievance and seek an informal resolution.

If the offender is unable to obtain a satisfactory resolution of the grievance informally through officials at the facility, he may file a Level I Offender Grievance. This includes the submission of a Level I Grievance form to the Administrative Assistant of the facility. The Administrative Assistant or designee has 15 working days from the date that the grievance is received to complete an investigation and provide a response to an offender, unless the time has been extended. If the offender does not receive a grievance response within the time frame noted, then the offender's appeal is due by the 25th day after the grievance was submitted. Once a Level I Grievance is reviewed by facility officials, and if the problem has not been resolved to the satisfaction of the offender, the offender may appeal the facility's decision by submitting a Level II Grievance Appeal.

The Offender Grievance Process is not complete until the inmate timely pursues each step or level of the informal and formal grievance process. An offender must use the proper grievance forms in order to exhaust successfully and must file each grievance within the timeframe outlined by Department of Correction administrative procedures.

Mr. Johnson alleges that on June 10, 2015 (twenty days before he filed his lawsuit), he was seen by Dr. Houman Kiani, M.D. for a purported back injury at which time Mr. Johnson requested a back brace, medical lay-in and x-rays. Mr. Johnson alleges that Dr. Kiani was grossly negligent and deliberately indifferent in denying him requested medical treatment. Mr. Johnson further alleges that Kelly Counceller, RN, HSA, at Pendleton was deliberately indifferent by refusing to intervene and prevent Dr. Kiani's gross negligence.

Camay Francum is the facility Grievance Supervisor at Pendleton. Ms. Francum is the custodian of Pendleton's grievance records, including the initial grievance documents filed by

inmates, as well as responses and appeals. Ms. Francum has reviewed the History of Grievances Report and associated grievance records for Mr. Johnson while he was incarcerated at Pendleton. For the time period from June 10, 2015, when he states his claim arose, through July 1, 2015, when he filed his lawsuit (a period of 20 days) the facility has no record of Mr. Johnson filing any formal grievances, much less completing the grievance appeal process during that time period.

Further, in his "Response to Answer," Mr. Johnson admits that he did not exhaust the grievance process before filing his lawsuit when he states:

> On June 24, 2015 the Plaintiff filed an informal grievance of which was not answered till July 13, 2015 [twelve days after Plaintiff filed his lawsuit]. Plaintiff filed his formal on July 17, 2015, when he received this informal in the mail. He still has not received a response and does not expect one.

Dkt. 18, p. 2.

B. *Exhaustion*

The defendants argue that Mr. Johnson failed to exhaust his available administrative remedies as required by the PLRA with respect to the claims raised in this lawsuit.

The PLRA requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'") (*quoting Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)). Strict compliance is required with respect to exhaustion, and a prisoner must

4

properly follow the prescribed administrative procedures in order to exhaust his remedies. *Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006). The PLRA's exhaustion requirement is not subject to either waiver by a court or futility or inadequacy exceptions. *Booth v. Churner,* 532 U.S. 731, 741, n.6 (2001); *McCarthy v. Madigan,* 503 U.S. 140, 112 S. Ct. 1081 (1992) ("Where Congress specifically mandates, exhaustion is required.").

    C.  *Discussion*

The defendants have shown that Mr. Johnson failed to avail himself of all administrative remedies before filing this civil action. The Offender Grievance Process is not completed until the inmate completes all three steps of the process (informal grievance, formal grievance, and appeal). Mr. Johnson admitted that he did not complete the grievance process before filing suit. Instead, Mr. Johnson filed an informal grievance on June 24, 2015, and then proceeded to filing a lawsuit on July 1, 2015, instead of completing all of the requisite steps to complete the grievance process for his claim. Mr. Johnson does not dispute this and his failure cannot be excused. The exhaustion of administrative remedies is mandatory and not subject to futility or inadequacy exceptions. *See Booth*, 532 U.S. at 741. It is therefore undisputed that Mr. Johnson failed to exhaust his available administrative remedies as required by the PLRA before filing this lawsuit.

The consequence of these circumstances, in light of 42 U.S.C. § 1997e(a), is that Mr. Johnson's action should not have been brought and must now be dismissed without prejudice. *See Ford v. Johnson,* 362 F.3d 395, 401 (7th Cir. 2004) (holding that "*all* dismissals under § 1997e(a) should be without prejudice.").

## Conclusion

The defendants' motion for summary judgment (Dkt. No. 22) is **GRANTED**. Judgment consistent with this Entry shall now issue.

**SO ORDERED.**

Date: 12/4/2015

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

RICHARD KEITH JOHNSON
8706 Spring Valley Ln.
Indianapolis, IN 46231

All Electronically Registered Counsel